Charles D. Swift
Constitutional Law Center for Muslims in America
833 E Arapaho Rd., Ste. 102
Richardson, TX 75081
Telephone: 972-914-2507
Facsimile: 972-692-7454
Email: cswift@clcma.org
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| United States of America, | No. 2:19-cr-00164-SPL |
|---|---|
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| vs. | |
| Khwaja Mujib Haque | (Defendant Not in Custody) |
| Defendant. | |

Defendant Dr. Khwaja Mujib Haque ("Dr. Haque"), through counsel, respectfully submits this Sentencing Memorandum in connection with his sentencing on August 19, 2019. Dr. Haque comes now before the court after having pled guilty before this Honorable Court to one count of "False Statements" under 18 U.S.C. § 1001(a)(2). Dr. Haque accepts full responsibility for his actions, and through this memorandum, seeks to aid the Court in determining an appropriate sentence under 18 U.S.C. § 3553(a).

1

A.  <u>The Rule 11 (c)(1)(c) plea agreement should be accepted</u>

Prior to Dr. Haque's entering of his plea, this Court enquired into the government's rationale for negotiating a Rule 11(c)(1)(C) plea in this case.  The government stated its reasoning on the record, including the relative minor nature of the offense, coupled with Dr. Haque's period of home confinement as a condition of release.  Thereafter, this Court subsequently proceeded with the plea.

In a discussion regarding the Court's acceptances of Rule 11 (c)(1)(c) plea agreements, the Supreme Court stated in *Freeman v. United States, 131 S. Ct. 2685, 2692 (2011),*

> Rule 11 (c)(1)(C) makes the parties' recommended sentence binding on the court 'once the court accepts the plea agreement,' but the governing policy statement confirms that the court's acceptance is itself based on the Guidelines.' See USSG § 6B1.2. That policy statement forbids the district judge to accept an 11(c)(1)(C) agreement without first evaluating the recommended sentence in light of the defendant's applicable sentencing range. The commentary to <u>§ 6B1.2</u> advises that a court may accept an 11(c)(1)(C) agreement 'only if the court is satisfied either that such sentence is an appropriate sentence within the applicable guideline range or, if not, that the sentence departs from the applicable guideline range for justifiable reasons.

In this case Probation has calculated Dr. Haque's total offense level as 4, with a criminal history category of I. Neither party has objected to Probation's guideline calculations. The resulting Guidelines imprisonment range is zero to six months and a sentence of imprisonment is neither required nor recommended (Doc. 32, para. 63).  Accordingly, the defendant respectfully submits that the Court should accept the Rule 11 (c)(1)(C) limitations, as it is within the applicable Guidelines range and appropriate under the circumstances.

A sentence of no confinement is proportional for the factual circumstances under which the offense occurred. Specifically, in FBI interviews in late 2016 and 2017, Dr. Haque lied about

2

a $2,000 check he wrote Elton Francis Simpson on January 2, 2010. He concealed this fact, not to hide wrong-doing on his part, but out of fear that being associated with aiding Elton Simpson in 2010 would result in undo suspicions that he was supportive of Simpson's later conduct. That does not justify lying, but it also is not indicative of a desire to materially thwart the FBI's investigation into Simpson's attempted attack on the draw Mohammed event in Garland, Texas on May 3, 2015.

Further, as previously noted by the government, the recommended sentence takes into account that the defendant had a prior period of home confinement.  A restrictive condition that would normally have not been warranted for a defendant like Dr. Haque in Zone A of the Guidelines table. For these reasons, Dr. Haque, respectfully requests that the Court approve the plea agreement.

    B. <u>The defendant requests a term of probation of no more than three years.</u>

The plea agreement does not specify the term of probation to be awarded. In deciding the length of this term, the Court is guided by the Sentencing Guidelines range for this offense. The PSR has calculated the Guidelines range for Dr. Haque as a term of probation of no more than three years, because the offense is a Class D felony with a total offense level below five. USSG §5B1.2(a)(2). (Doc. 32, para. 67).

    1. <u>Dr. Haque's 18 U.S.C. 3553(a) factors support sentence of three years of probation</u>

Under 18 U.S.C. § 3553(a), a sentencing court must "impose a sentence sufficient, but not greater than necessary, to comply" with the purposes of sentencing set forth in the second paragraph of the statute. In undertaking its analysis, the Court considers the advisory sentencing range recommended by the Guidelines and any relevant Guideline policy statements, as well as

other traditional sentencing factors, such as: (1) the nature of the offense and history and characteristics of the defendant; (2) the purpose of sentencing; (3) the kinds of sentences available; (4) the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted disparities among similar offenders; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a). The Sentencing Guidelines range along with these factors are what the Court must consider when assessing whether to accept a Rule 11 (c)(1)(c) plea agreement as well. In this case, for the reasons set forth below, a term of probation of no more than three years is sufficient, but not greater than necessary.

     Dr. Haque is a reputable and important member of his community and has treated and taken care of countless patients in medical need over his past 20 years as a physician. There are no victim's in this case and Dr. Haque has complied with his conditions of release since his release by the Court. He has reported as directed, maintained a stable residence, adhered to travel restrictions, and complied with all Location Monitoring Program policies and procedures. (Doc. 33, PSR, p. 1). He has been in compliance with the Order of Protection entered by a lower court in Minnesota and has had no issues observed during his unannounced home visits. As of August 6, 2019, Probation reports that Dr. Haque has had no new arrests, warrants, or convictions. Dr. Haque's character has been consistent throughout his supervised release. He poses no risk or danger to anyone and his crime is a victimless one.

     Dr. Haque has taken full responsibility for his false statement to the FBI. He made the statement out of fear and deeply regrets doing so. His medical license has been suspended, he has been on home confinement and has been unable to travel to visit his daughter. For the purposes of sentencing, Dr. Haque has already paid a high price and will continue to do so if his medical

license likely remains suspended. A term of probation, less than three years, is more than sufficient.

Under these circumstances, the defendant's history and background, nature of the offense, and the purposes of sentencing are all fulfilled by a sentence no more than three years of probation.

    C. <u>Probation has not recommended a specific fine and a fine is not appropriate in this case. A community service condition would make the most of what Dr. Haque has to offer the community.</u>

As part of a term of probation, absent extraordinary circumstances, one of the following should be imposed as a condition of probation: a fine, restitution, or community service. (Doc. 32, para. 66). Probation calculates a potential fine range of $500 to $9,500 for this offense.

In the present case restitution is not appropriate. As noted in the PSR., the criminal activity in this case is considered a victimless crime. (Doc. 32, para. 74). Consequently, no person suffered financial harm as the result of Dr. Haque's misstatements, making restitution inapplicable.

The Defense submits that a fine is equally inappropriate given that Dr. was not enriched by his conduct and his current financial situation. Dr. Haque has suffered a significant detrimental impact on his employment since his arrest. In fact, Dr. Haque has become unemployed following the suspension of his medical license due to an investigation by the Arizona Medical Board that resulted from this offense. (Doc. 32, para. 57). Dr. Haque is currently supporting himself with his personal savings. He will likely not be able to have the suspension on his license lifted once he is convicted of this offense, as it is a felony. This may lead to long-term unemployment and sustained impact on his ability to earn. At this late stage in his life, without his professional license and relying on his personal savings to provide for

himself, as well as satisfy support obligations stemming from the dissolution of his marriage. In short, Dr. Haque is facing significant financial hardship for the foreseeable future, significantly impacting his ability to pay a fine.

In lieu of a fine, the defense submits that community service is a more appropriate condition of probation. Unlike a fine, Dr. Haque's lack of employment leaves him immediately available to perform such service. Further, his extensive education, years of professional practice and experience make him a prime candidate to provide unique and invaluable service to any community service endeavor he participated in. The defendant respectfully submits that for his recommended sentence of a term of probation, a community service condition is the best to impose.

D. Conclusion

For the reasons set forth above, counsel on behalf of the defendant urges this court to accept the plea agreement, impose a sentence of a term of probation of no more than three years, and require him to do community service in lieu of fine or restitution.

Respectfully submitted,

*s/ Charles D. Swift*
Charles D. Swift,
Pro Hac Attorney for the Defendant, Dr. Khwaja Mujib Haque
Constitutional Law Center for Muslims in America
833 East Arapaho Rd., Suite 102
Richardson, TX 75081
972-914-2507
cswift@clcma.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of August, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Charles D. Swift*
Charles D. Swift
Pro Hac for Dr. Khwaja Mujib Haque